PUBLIC TRUSTS — INSPECTION OF RECORDS — MAKING OF COPIES — RESTRICTIONS Under 60 O.S. 178 [60-178] (1976), a public trust is obligated to allow members of the general public, during regular office hours, to inspect records or meeting minutes of the public trust, which includes the making of copies of information from such records or minutes at the expense of each member of the general public, subject to reasonable restrictions and conditions as may be necessary for the preservation of the records or minutes and for the protection of the trust in the orderly administration of its affairs. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Is a public trust, whether it has as its beneficiary a city, county, or state, obligated to allow members of the general public, at their own expense, to make copies of its meeting minutes and other records maintained in their usual course of business? The pertinent portion of 60 O.S. 178 [60-178] (1976), reads as follows: ". . . Records of the trust and minutes of the trust meetings of any public trust shall be written and kept in a place, the location of which shall be recorded in the office of the county clerk of each county, wherein the trust instrument shall be recorded. Such records and minutes shall be available for inspection by any person during the regular business hours . . ." (Emphasis added) It is clear from a plain reading of the foregoing statute that all records and minutes of a public trust are available for inspection by any member of the public during regular business hours. This, of course, is consistent with the general law on the subject as expressed in 51 O.S. 24 [51-24] (1971), and Attorney General's Opinion No. 76-118 that all public records are open for public inspection in the absence of specific legislation to the contrary. Concerning the obligation to allow members of the general public to make copies of any records, Attorney General's Opinion No. 66-292, issued on October 25, 1966, to the Honorable A. R. Swank, Jr., Presiding Judge of the Industrial Court, held as follows: "3. Any member of the public is entitled to have access to the public records of the Court, without restriction as to date or number, for the purpose of inspecting or copying any information appearing as part of the public record." (Emphasis added) This Opinion went on to hold that the Industrial Court could impose reasonable restrictions and conditions upon the use of its records necessary for the preservation of such records and for the protection of the Court in the orderly administration of its affairs, and set out guidelines to be used in setting such reasonable restrictions. We hereby affirm the holding of Attorney General's Opinion No. 66-292 that the public has a right to inspect or copy information contained in public records subject to reasonable restrictions placed thereon by the public agency or body necessary for the preservation of the public records and for the protection of the particular public agency or body in the orderly administration of its affairs. Further, in Attorney General's Opinion No. 75-218, it was held that a citizen requesting inspection of the public records of a public agency or body should be allowed to do so as soon as it is reasonably possible under the circumstances. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under 60 O.S. 178 [60-178] (1976), a public trust is obligated to allow members of the general public, during regular office hours, to inspect records or meeting minutes of the public trust, which includes the making of copies of information from such records or minutes at the expense of such member of the general public, subject to reasonable restrictions and conditions as may be necessary for the preservation of the records or minutes and for the protection of the trust in the orderly administration of its affairs. (GERALD E. WEIS) (ksg) ** SEE: OPINION NO. 80-207 (1980) **